**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK QUINTIN EVERSON,

                Petitioner,

v.                                       Case No. 19-12281

MATT MACAULEY,

                Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS,
HOLDING THE PETITION IN ABEYANCE, AND DIRECTING THE CLERK OF COURT
TO ADMINISTRATIVELY CLOSE THE CASE**

Derrick Quintin Everson filed this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. The petition challenges Petitioner's Oakland Circuit Court conviction

to second-degree murder. MICH. COMP. LAWS § 750.317, and commission of a felony

with a firearm. MICH. COMP. LAWS § 750.227b.

The petition raises four claims: (1) Petitioner was denied the effective assistance

of trial counsel when his attorney failed to conduct any pretrial investigation, (2)

Petitioner's trial counsel was ineffective for failing to assess his sentencing exposure

under the guidelines prior to advising Petitioner to agree to a 40-70 year sentence, (3)

Petitioner's plea was involuntary, and (4) Petitioner was denied the effective assistance

of appellate counsel.

Presently before the court is Respondent's motion to dismiss the petition on

grounds that Petitioner's first, third, and fourth claims have not been exhausted in the

state courts. Petitioner acknowledged in his petition that these claims are unexhausted,

but he asks the court to stay the case so that he can present his unexhausted claims to

the state courts in a state post-conviction review proceeding. (ECF No. 1, PageID.15.)

Because of concerns posed by the statute of limitations, the court will deny the motion

and instead hold the case in abeyance while Petitioner exhausts his state court

remedies.

## I. BACKGROUND

Following his conviction and sentence, Petitioner filed an application for leave to

appeal in the Michigan Court of Appeals, raising only what now forms his second

habeas claim. (ECF No. 7-4, PageID.70.) On November 22, 2017, the Michigan Court of

Appeals denied the application for leave to appeal "for lack of merit in the grounds

presented." *People v. Everson*, No. 340576 (Mich. Ct. App. Nov. 22, 2017).

Petitioner subsequently filed an application for leave to appeal in the Michigan

Supreme Court, raising the same claim, but the Michigan Supreme Court declined to

review the case. *People v. Everson*, 910 N.W.2d 276 (Mich. May 1, 2018). The statute

of limitations for filing his federal habeas petition began running 90 days later, on or

about July 30, 2018. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner signed and dated his federal habeas petition on July 26, 2019, with

only days remaining on the statute of limitations. Rather than seek habeas relief,

Petitioner requests that the court "hold my petition in abeyance to allow me to exhaust

additional remedies by filing a motion for relief from judgment." (ECF No. 1, PageID.15.)

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to present

all their claims to the state courts before raising their claims in a federal habeas corpus

petition. See 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Only Petitioner's second habeas claim was exhausted during his direct appeal. His other three claims have not been presented to the state courts. The petition therefore includes unexhausted claims. 28 U.S.C. § 2254(b)(1). Nevertheless, the outright dismissal of the petition while Petitioner exhausts his state remedies, as requested by Respondent in his motion to dismiss, would likely result in a subsequent petition being barred by the applicable one-year statute of limitations. Only a few days remained on the statute of limitations when Petitioner filed this action.

Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach rather than being forced to dismiss habeas petitions that contain unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id.* at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if

3

the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id.*

On the record provided, Petitioner at least claims to have good cause for failing to raise his unexhausted claims on direct review. He claims that his appellate counsel was ineffective for failing to raise them in that proceeding. Courts in this district have recognized that such grounds may constitute sufficient "cause" to justify stay and abeyance. *See Jones v. Warren*, No. 06-11113, 2006 WL 800752, at *3 (E.D. Mich. Mar. 28, 2006) (Roberts, J. ) (collecting cases). Petitioner's involuntary-plea and failure-to-investigate claims are cognizable. Petitioner claims that his trial counsel failed to conduct any pretrial investigation prior to advising him to accept a plea deal involving a sentencing agreement of 40-70 years' imprisonment. If true, the claim is at least potentially meritorious. Furthermore, there is no indication on the record, nor does Respondent argue, that Petitioner is engaged in intentionally dilatory litigation tactics. Under these circumstances, the court concludes that the stay-and-abeyance procedure outlined in *Rhines* is appropriate in this case. The court will deny Respondent's motion to dismiss, hold the case in abeyance, and allow Petitioner the opportunity to return to state court to exhaust his claims pursuant to the terms described below.

## III. CONCLUSION

For the reasons explained above, the court will deny Respondent's motion to

dismiss and allow Petitioner the opportunity to return to state court and exhaust his claims before the expiration of statute of limitations in federal court. Accordingly,

IT IS ORDERED that Respondent's motion to dismiss (ECF No. 6) is DENIED. The petition is STAYED AND HELD IN ABEYANCE while Petitioner presents his unexhausted claims to the state courts.

IT IS FURTHER ORDERED that the clerk of the court is DIRECTED to administratively close this case for statistical purposes only. Nothing in this order should be construed as an adjudication of any of Petitioner's claims.

Finally, IT IS ORDERED that Petitioner FILE a motion for relief from judgment in the trial court within **60 days** of receiving this order and then pursue timely appeals through all levels of state review. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case and file an amended petition within **60 days** of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:   July 20, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 20, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                       /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-10012.ALPHONSO.grant.stay.close.BH.HEK.docx